### SMITH et al. v. CITY OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. July 7, 1898.)

TAXATION—INVALID ASSESSMENT—CURATIVE ACT.
    The provision of Laws 1895, c. 1015, that no tax assessment or water rate·
    theretofore levied, in reference to any property situated within the city of
    Brooklyn, should be held or declared to be invalid or ineffectual by reason
    of the fact that two or more lots shown on the ward map had been valued
    or assessed as one parcel, or that such tax or rate had been levied upon two·
    or more of such lots tied together as one parcel, was within the constitu-
    tional power of the legislature, and is valid.

Appeal from special term, Kings county.

Action by Herbert C. Smith and Herman F. Koepke against the
city of Brooklyn. From a judgment in favor of defendant, plaintiffs
appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

William J. Grifin, for appellants.
William J. Carr, for respondent.

PER CURIAM. This is an action in equity to have a tax which
was assessed, confirmed, and levied in 1894 against and upon certain
lands of the plaintiffs, in the Twenty-Sixth ward of the City of Brook-

lyn, adjudged void, because in making the assessment the assessors assessed the two lots as one lot, by linking them together under one valuation. Assuming that an assessment made in this manner would have been fatal to the tax in the absence of curative legislation, we think that the objection has been rendered unavailing by the effect of chapter 1015 of the Laws of 1895, which provided that no tax assessment or water rate theretofore levied in reference to any property situated within the city of Brooklyn should be held or declared to be invalid or ineffectual by reason of the fact that two or more lots shown on the ward map had been valued or assessed as one parcel, or by reason of the fact that such tax assessment or water rate had been levied upon two or more such lots tied together as one parcel. As it was within the constitutional power of the legislature to enact a tax law providing that two or more lots belonging to common owners might be assessed together, so it was equally within the power of the legislature to confirm and ratify any assessment which had been so made without express statutory authority. We suppose the legislature may confirm any proceeding of the assessors under a tax law which the legislature could have authorized in advance. The authority of the legislature in this respect was so fully considered and discussed by Mr. Justice Cullen in the case of Hagner v. Hall, 10 App. Div. 581, 42 N. Y. Supp. 63, that we deem it unnecessary to say anything further in sustaining the judgment of the court below, except to refer to that opinion.

Judgment affirmed, with costs.